IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

REGGIE C. JAMES,

    Petitioner,

v.                                                           Case No. 1:17-cv-01069-JDB-jay

GEORGIA CROWELL,

    Respondent.

ORDER DISMISSING § 2254 AMENDED PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    In April 2017, Petitioner, Reggie C. James, filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) In compliance with the Court's order of September 20, 2017, (D.E. 12), he refiled his claims on the Court's official form (the "Amended Petition"), (D.E. 13). Respondent, Georgia Crowell, has moved to dismiss the Amended Petition as untimely. (D.E. 22.) For the reasons that follow the motion to dismiss is GRANTED.

BACKGROUND

    In January 2007, a Madison County, Tennessee, jury convicted James of first degree murder and tampering with evidence. (D.E. 21-1 at PageID 190–91.) The trial court imposed an effective sentence of life imprisonment plus ten years. (*Id.*) On direct appeal, the Tennessee Court of Criminal Appeals affirmed the judgments, and the Tennessee Supreme Court declined discretionary review. *See State v. James*, No.W2007-00775-CCA-R3-CD, 2009 WL 636726, at *1 (Tenn. Crim. App. Mar. 10, 2009), *perm. appeal denied* (Tenn. Aug. 17, 2009).

On April 21, 2010, Petitioner submitted a *pro se* post-conviction petition to prison authorities for mailing. (D.E. No. 21-15 at PageID 993, 1027.) The state trial court held an evidentiary hearing and denied relief on January 31, 2012. (*Id.* at PageID 1057–58.) Several years later, Petitioner filed a notice of appeal, and the Tennessee Court of Criminal Appeals dismissed the appeal as untimely. *James v. State*, No. W2015-01640-CCA-R3-PC, 2016 WL 1055365, at *1 (Tenn. Crim. App. Mar. 16, 2016), *perm. appeal denied* (Tenn. June 24, 2016). The Tennessee Supreme Court declined discretionary review on June 24, 2016. (D.E. 21-22.)

On April 11, 2017, Petitioner submitted his Petition to prison authorities for mailing to this Court. (D.E. 1 at PageID 32.) On preliminary review, the Court ordered him to show cause why the Amended Petition should not be dismissed as untimely. (D.E. 14.) The inmate filed a response to the show-cause order, asserting that he is entitled to equitable tolling of the limitations period. (D.E. 15.) The Court ordered Respondent to respond to Amended Petition, (D.E. 16), which she did by submitting a motion to dismiss, (D.E. 22). She argues that the Petition was filed well beyond the expiration of the applicable limitations period and that the inmate has not established entitlement to equitable tolling. Petitioner did not file a reply, although allowed to do so. (*See* D.E. 16 at PageID 112.)

DISCUSSION

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four possible dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In this case, § 2244(d)(1)(A) applies, which means that James had one year from the date on which his judgment of conviction became final to file a federal habeas petition. Taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), the last day he could timely file a petition was September 28, 2012.

The date is arrived at as follows. James appealed his convictions to the Tennessee Supreme Court, but did not appeal to the United States Supreme Court. His judgments of conviction thus became final when the time for appealing to the United States Supreme Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired," which is "ninety days following the entry of judgment by the 'state court of last resort.'") (citing Sup. Ct. R. 13)). Permission to appeal was denied on August 17, 2009, and ninety days from that date was Sunday November 15, 2009. Under Supreme Court Rule 30, if a deadline for filing with the Supreme Court falls on "Saturday, Sunday, [or] federal legal holiday," the "period shall extend until the end of the next day that is not a Saturday, Sunday, [or] federal legal holiday," which in this case was Monday November 16, 2009. The limitations period for the inmate's federal habeas claim commenced the next day, on November 17, 2009. *See Bronaugh*, 235 F.3d at 285 (the one-year statute of limitations for filing a federal habeas petition begins to run on the day after the conviction of judgment becomes final).

3

The limitations period ran for 155 days, and was then tolled from April 21, 2010, the date James mailed his state post-conviction petition, until March 1, 2012, which was the end of the thirty-day period in which he could have, but did not, file a notice of appeal from the trial court's denial of relief. *See* 28 U.S.C. § 2244(d)(2) (the AEDPA one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ."); Tenn. R. App. P. 4(a) (setting thirty-day deadline for filing notice of appeal).

When the limitations "clock" resumed ticking the next day, 210 days remained in the limitations period. Two-hundred and ten days from March 2, 2012, was Friday September 28, 2012. The Petition, which was mailed on April 11, 2017, was therefore filed more than four and one-half years beyond the expiration of the limitations period.

As Respondent notes, Petitioner's late filing of a notice of appeal to the Tennessee Court of Criminal Appeals on August 27, 2015, did not reset the AEDPA limitations clock. *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) ("The [statutory] tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."). James does not dispute that proposition, but instead insists that the time between the trial court's denial of post-conviction relief and the date of filing of the late notice of appeal should be equitably tolled due to his attorney's conduct.

According to Petitioner, his post-conviction attorney erroneously led him to believe that an appeal of the denial of post-conviction relief had been timely filed on his behalf, and that he learned that no appeal had been filed after the federal habeas limitations period had expired. Petitioner has submitted a copy of state disciplinary documents showing that his attorney was censured for his failure to file a notice of appeal on his behalf. (D.E. 15-1 at PageID 105–07.)

4

The one-year statute of limitations in 28 U.S.C. § 2244(d) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). "Traditional" equitable tolling requires the petitioner to show that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 646, 649 (2010) (internal quotation marks omitted). A petitioner need not show "maximum feasible diligence," but only "reasonable diligence." *Id.* at 653 (internal quotation marks omitted).

Assuming, here, that counsel's conduct constituted an extraordinary circumstance, Petitioner has not shown reasonable diligence in pursuing his rights. A habeas corpus petitioner is expected to diligently monitor the status of his state court appeal, and not "passively await decision." *Winkfield v. Bagley*, 66 F. App'x 578, 583–84 (6th Cir. 2003). In *Winkfield*, the Sixth Circuit "declined to allow equitable tolling where a petitioner's attorney misled him into believing that his appeal was still pending before the state court because the petitioner failed to diligently monitor the progress of his appeal." *Keeling v. Warden*, 673 F.3d 452, 463 (6th Cir. 2012) (describing *Winkfield*, 66 F. App'x at 583–84). Similarly, the court in *Keeling* held that the petitioner was not entitled to equitable tolling because he waited nearly three years before "attempt[ing] to obtain a copy of the [state appellate court's] decision." *Id.* at 463.

James's allegation that he relied on his attorney's assurance that a notice of appeal had been filed is supported by the Board of Professional Responsibility's notice of public censure. (*See* D.E. 15-1 at PageID 105 ("[W]hen his client inquired about the status of the matter, [counsel] misinformed him that the appellate court had not yet issued its opinion.").) Petitioner's submissions do not show, however, when, exactly, the attorney misled him. In any event, the inmate has not alleged that he independently sought to ascertain the status of his appeal at any time

5

during the three-and-one-half-year interval between the post-conviction trial court's decision and counsel's late filing of the notice of appeal. In fact, the notice of public censure shows that it was only when *counsel* realized that an appeal had not been filed that Petitioner became aware of that fact. (*See id.* ("In 2015, [counsel] advised his client that he had neglected to file the notice of appeal and sought permission to late-file.").)

Even if the Court were to toll the entire period of the state post-conviction proceedings, including the three-and-one-half-year delay in the filing of the notice of appeal, the Petition would still be untimely. As noted, the limitations "clock" ran for 155 days between the date the judgments of conviction became final and the date Petitioner mailed his state post-conviction petition for filing. That left him 210 days to file for federal habeas relief after the Tennessee Supreme Court denied permission to appeal on Friday June 24, 2016.[1] Two-hundred and ten days from Monday June 27, 2016, was Monday January 23, 2017. The Petition was mailed for filing, however, on April 11, 2017. The Petition would thus be untimely by seventy-nine days even if the inmate were entitled to equitable tolling.

For these reasons, the Amended Petition is DISMISSED.

APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the

---

[1] The time in which to appeal to the United States Supreme Court from denial of post-conviction relief is not tolled. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition as untimely. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 9th day of May, 2019.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.